IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
TUNU SHAKARI,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 11 C 2669
                                 )
COMMISSIONER OF SOCIAL SECURITY  )
MICHAEL ASTRUE,                  )
                                 )
            Defendant.           )
```

MEMORANDUM OPINION AND ORDER

Tunu Shakari ("Shakari") seeks judicial review, pursuant to Social Security Act ("Act") §405(g),[1] of the final decision of Commissioner of Social Security Michael Astrue ("Commissioner") that denied Shakari's claim for widow's insurance benefits ("Benefits"). Shakari has moved for summary judgment under Fed. R. Civ. P. ("Rule") 56. For the reasons stated here, her motion is denied, Commissioner's decision is affirmed and this action is dismissed with prejudice.

**Procedural Background**[2]

Shakari, formerly known as Patricia Evans, filed an application for Benefits on December 26, 2006 (R. 17). On March 28, 2007 her application was initially denied, and it was

---

[1] Further statutory references will take the form "Section --," using the Title 42 numbering rather than the Act's internal numbering. All 20 C.F.R. provisions are cited "Reg. §--."

[2] What follows in the next sections of text is drawn from the administrative record (cited "R.--").

again denied upon reconsideration (id. 17-18).  After she filed a timely request for hearing, on May 28, 2009 Shakari appeared before Administrative Law Judge ("ALJ") Michael McGuire (id. 12-14).  ALJ McGuire's June 15, 2009 decision concluded that because Shakari had been convicted of voluntary manslaughter in connection with the death of the wage earner, her estranged husband Johnny Evans ("Evans"), she was not entitled to Benefits despite the fact that she had later been pardoned (id. 14).

Shakari's request for review of the ALJ's decision by the Appeals Council was denied on February 25, 2011 (R. 3-6).  On April 21, 2011 Shakari filed her Complaint for judicial review by this Court.

**Factual Background**

Shakari was born on December 25, 1946 and was thus 62 years old at the time of the ALJ's decision (R. 17).  She had married Evans in November 1971 (id. 42).  Sometime thereafter Shakari separated from Evans and obtained a restraining order against him (id. 43).

On September 25, 1975 Evans came to Shakari's apartment in violation of the restraining order (R. 43).  He beat Shakari with his fists, a dog chain and a pistol while their children and several of his friends watched (id. 44).  He also stated that Shakari and the children belonged to him and that if he could not have them then no one else would either (id. 43).

2

Finally Shakari told Evans that she would consider letting him come back after their next court appearance, whereupon he gave her the gun and left the apartment (R. 44). Shakari went into the hallway outside the apartment to ensure that Evans was gone, but she discovered that he had not in fact left the building (id. 45). Instead he was "coming back up the stairs full speed" (id.). Shakari fired a single shot at Evans, killing him (id.).

Shakari was convicted of voluntary manslaughter and sentenced to a term of two to six years' imprisonment (R. 31). On December 6, 1977, after Shakari had served eight months of her sentence, then Illinois Governor James Thompson commuted the sentence to time served and Shakari was released (id.). Governor Thompson officially pardoned Shakari on December 22, 1982, stating that she "is hereby acquitted and...restored to all her rights of citizenship which may have been forfeited by her conviction" (id. 29)--but the pardon was silent as to the reason it was granted (id.).

**Standard of Review and Applicable Law**

This Court reviews the ALJ's decision as Commissioner's final decision, considering its legal conclusions de novo (Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005)). Because factual determinations receive deferential review, courts "are not to reweigh the evidence or substitute [their] own judgment for that

of the ALJ" and will affirm Commissioner's decision "if it is supported by substantial evidence" (id.). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotations marks omitted)).

As Haynes, 416 F.3d at 626 (internal quotation marks omitted) teaches:

> In rendering a decision, the ALJ must build a logical bridge from the evidence to his conclusion [but] need not, however, provide a complete written evaluation of every piece of testimony and evidence.

Hence "[i]f the Commissioner's decision lacks adequate discussion of the issues, it will be remanded" (Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009)). Reversal is also required if the ALJ has committed an error of law, regardless of how much evidence supports his or her determination (Binion on Behalf of Binion v. Chater, 108 F.3d 780, 782 (7th Cir. 1997)).

To qualify for Benefits, a claimant must be unmarried, at least 60 years old (or at least 50 years old if she is disabled) and must have been married to the insured for at least nine months immediately before his death (Section 402(e), Reg. §404.335).[3] No claimant may be entitled to Benefits if she was "convicted of a felony or an act in the nature of a felony of intentionally causing [the insured's] death" (Reg. §404.305(b)).

---

[3] Other possibilities for qualifying exist under Reg. §404.335, but they are not relevant here.

**Effect of Pardon**

It is undisputed that Shakari meets the criteria for Benefits under the Act. That being so, her eligibility or lack of eligibility for payment of Benefits turns solely on whether her conviction of voluntary manslaughter in Evans' death precludes her receipt of Benefits even though Governor Thompson pardoned her.[4] Under Illinois law "[a] pardon implies guilt; it does not obliterate the fact of the commission of the crime and the conviction thereof" (Bowens v. Quinn, 561 F.3d 671, 674 (7th Cir. 2009), quoting Talarico v. Dunlap, 177 Ill.2d 185, 190, 685 N.E.2d 325, 327 (1997)). Indeed, unless a pardon explicitly authorizes expungement of the conviction (which is still ultimately a court decision) or is based on the defendant's innocence--neither of which is the case here--the recipient still stands convicted of the crime in question (Bowens, 561 F.3d at 674-75).

It is of course conventional wisdom, and our Court of Appeals periodically (and properly) reminds us, that judges who

---

[4] In rejecting Shakari's claim ALJ McGuire relied in part on Social Security Agency ("SSA") Program Operations System Manual ("Manual") GN 304.075, which provides that a claimant who is pardoned after a conviction for having killed the wage earner is entitled to Benefits only if the basis for the pardon is factual innocence. But the Manual "has no legal force, and it does not bind the SSA" (Schweiker v. Hansen, 450 U.S. 785, 789 (1981)). To the extent then that the ALJ relied upon the Manual, his decision would be suspect. But because, as the ensuing discussion reflects, Commissioner's rejection is solidly based on other grounds, any error in that respect is harmless.

labor in the District Court vineyards--including this Court--do not make precedent. Hence District Judges' opinions carry weight only to the extent that the reader finds them persuasive on their own terms. But that said, it remains worthwhile to quote from Walden v. City of Chicago, 391 F.Supp.3d 660, 671 (N.D. Ill. 2005), which (also quoting Talarico) held as to a pardon identical to Shakari's that, absent a statement as to the defendant's innocence, "a general pardon merely releases an inmate from custody and supervision, and it does not act to erase or negate an offender's conviction." Illinois law compels this Court to concur in that analysis.

**Conclusion**

Unfortunately for Shakari, the battered spouse syndrome had not been judicially recognized in Illinois at the time of her 1977 conviction (Lenore Walker, Battered Woman (1st ed. 1979)).[5] Given the short time span between the beginning of Shakari's time in custody and her pardon, it may well be that Governor Thompson viewed her as innocent in the light of the law's developing perspective. But this Court is not permitted to speculate in the face of the unequivocal and unambiguous caselaw. Accordingly, Shakari's motion for summary judgment is denied and

---

[5] In fact, the "battered woman syndrome" was first mentioned in any appellate court opinion in Illinois (federal or state) in People v. Minnis, 118 Ill.App.3d 345, 355-57, 455 N.E.2d 209, 217-18 (4th Dist. 1983).

6

Commissioner's decision is affirmed.  This Court dismisses this action with prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Date:   November 10, 2011